# "IN THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION"

ROBERT THOMAS IRVIN
100 Short Stacker Drive
Clarksville, Tennessee 37040-3371

    Plaintiff,

vs.

THE CITY OF CLARKSVILLE,
a municipal corporation upon relation of
MONTGOMERY COUNTY, TENNESSEE
CITY MAYOR JOE PITTS
102 Public Square – Fourth Floor
Clarksville, Tennessee 37040, and
COUNTY MAYOR JIM DURRETT
1 Millennium Plaza – Suite 205
Clarksville, Tennessee 37040, and
AUSTIN PEAY, VII, Esq. (BPR #16245)
the duly constituted Delinquent Tax Attorney
for said County, 121 South Third Street
Clarksville, Tennessee 37040, and
THE MONTGOMERY COUNTY CHANCERY
COURT CLERK'S OFFICE
ATTN: CLERK AND MASTER
2 Millennium Plaza – Suite 101
Clarksville, Tennessee 37040, and
JUDGE TED A. CROZIER, JR.
2 Millennium Plaza – Suite 101
Clarksville, Tennessee 37040, and
THE STATE OF TENNESSEE and
GOVERNOR BILL LEE
The State Capitol
600 Charlotte Avenue - First Floor
Nashville, Tennessee 37243

    Defendant's.

CIVIL ACTION 3:19-CV-_____

3-19-0157

## "A N   C O M P L A I N T"

**COMES NOW, ROBERT THOMAS IRVIN/Plaintiff,** an Indigent, 74 year old, Afro-Americam, Male, a member of a minority group of the most controversial and hated American Citizen in America is living on a fixed income set by the government comes to this court in reference to setting a *precedence* in this court with 42 U.S.C., Code Civil Rights #1983 deprivation of rights [1] alleging that Judge Ted A. Crozier, Jr./Defendant engaged in unconstitutional conduct that restricted Irvin/Plaintiffs' First and Fourteenth Amendment rights by acting with *"conflict of interest"* when Judge Crozier, Jr./Defendant should have rescued himself from hearing case MC CH CV CD-18-37 at "THE CHANCERY COURT FOR THE NINETEENTH DISTRICT FOR MONTGOMERY COUNTY, TENNESSEE AT CLARKSVILLE" because any and all allegations made by herein Plaintiff **occurred when and wh -ile** Judge Crozier, Jr./Defendant was Clerk And Master making his current position possible that addre -sses his former acts. [2] And, Plaintiffs' Objections To "ORDER" Of W. Timothy Harvey, BPR #104-69"[3] were returned to Plaintiff stating *"Etc. ... for the signature Judge Ted A. Crozier, Jr.*[Defendant] *was reviewed by him and he declined to sign such document. Thus it it being returned to you."* hereto attached as EXHIBIT I, I(a) & I(b) dated Feb. 7, 2019 signed by current Clerk & Master, Michael W. Dale with enclosures: "Plaintiffs' Objections To "ORDER" Of W. Timothy Harvey, BPR#010469" and "Bill Of Cost". It sadly appears Defendant is only interested in collecting unjust court cost believing that because he is a judge, he and the system ignore the law using the *"**color of law**"* to evade the law.

---

1 **THE CIVIL RIGHTS ACT OF 1871 is a federal statute, numbered 42 U.S.C. #1983, that allows people to sue the government for civil rights violations. It applies when someone acting** *"under color law"* **state-level local law has deprived a person [IRVIN] of rights created by The U.S. Constitution or federal statutes.**
**While section 1983 damages are based on common law concepts, they are not dependent on the law of the forum state ... Punitive damages are, available against individual defendants [JUDGE CROZIER, JR.] where plaintiff establishes actions were either intentional or committed with reckless or callous disregard for the plaintiff's rights.**

2 <u>IRVIN vs. THE CITY OF CLARKSVILLE, ET AL.</u>**, case no. MC CH CV CD-18-37, "IN THE CHANCERY CT. FOR THE NINETEENTH JUDICIAL DISTRICT FOR MONTGOMERY COUNTY, TN AT CLARKSVILLE", "T.C.A., Rule 59-04 MOTION TO ALTER OR AMEND A JUDGMENT", filed Feb. 8, 2019, Judge Crozier, Jr.**

3 **ATTORNEY D. MARK NOLAN, BPR#15859, BATSON & NOLAN, PLC, represents THE CITY OF CLARKSVILLE & MAYOR JOE PITTS at 121 South Third St., Phone #(931) 647-1501, FAX (931) 553-0153, Clarksville Tennessee 37040.**

## I. LEGAL STANDARD

In considering a motion to dismiss, "the material allegations of the complaint are taken as admitted," Jenkins vs. McKeithen, 395 U.S. 411, 421 (1969) (citation omitted), and the court may consi -der exhibits to the complaint, Fayetteville Investors vs. Commerical Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991). Moreover, *"the complaint is to be liberally construed in favor of plaintiff."* Id.; see also Board Of Trustees vs. Sullivant Avenue Props., LLC, 508 F. Supp. 2D 473. 475 (E.D. Va. 20 -07).

## II. ANALYSIS

Plaintiffs' "AN COMPLAINT" contains the following "civil right violations" counts:

1. **COUNT 1** Violation of 42 U. S. Code Civil Rights #1983 (against Irvin/Plaintiff)
2. **COUNT 2** Violation of First and Fourteenth Amendments (against Irvin/Plaintiff)
3. **COUNT 3** Violation of "conflict of interest" (against Irvin/Plaintiff)
4. **COUNT 4** Violation of Plaintiffs' Objection To "ORDER" (against Irvin/Plaintiff)
5. **COUNT 5** Violation to "Bill Of Costs" (against Irvin/Plaintiff)
6. **COUNT 6** Violation of Procedural Due Process with reckless or callous disregard for the Plaintiff's rights (against Irvin/Plaintiff)
7. **COUNT 7** Violation of First Amendment and Substantive Due Process – Free Speech (against Irvin/Plaintiff)
8. **COUNT 8** Violation of Procedural Due Process (against Irvin/Plaintiff)
9. **COUNT 9** Violation of Equal Protection (against Irvin/Plaintiff)

## III. WHETHER ANY OF PLAINTIFFS' CLAIMS ARE BARRED BY RES JUDICATA

In considering the preclusive effect of a state court's dismissal with prejudice, federal courts ap-ply applicable state law rules. See 28 U.S.C. # 1783 **(State judicial proceedings "shall have the same full faith and credit in every court within The United States ... as they have by law or usage in the courts of such State . . . from which they are taken.");**

The Tennessee Court Of Appeals noted the required elements that must be established by a par-ty asserting a res judicata defense as follows:

(1) a court of competent jurisdiction rendered the prior judgment,

(2) the prior judgment was final, (3) the same parties or their privies were involved in both proceedings and (4) both proceedings involved the same cause of action.

*The previous court was bias and acting with a conflict of interest;*

*The dismissal with prejudice was unjust and used to hide the facts of "conflict of interest";*

*The same parties are involved with both proceedings with Defendant's becoming a judge;*

*The proceedings involved a different cause of action "violation of 1st & 14th Amendments;*

*The same cause of action does not apply to both proceedings there is "justifiable controversy"*

*The willful misconduct or gross negligence of Judge Crozier, Jr. was intentional constitutes "intentional and/or willful misconduct or gross negligence";*

The issue is not whether Judge Crozier, Jr./Defendant was correct of justified in his decision to take these actions or exercise his authority appropriately but whether Plaintiffs' allegations are suffici-ent to make plausible his claims that they engaged in intentional or willful misconduct or gross neglig-ence to overcome dismissal based upon sovereign immunity.

"As the qualified immunity defense has evolved, it provides ample protection to all but the plain-ly incompetent or ***those who knowingly violate the law.***" Malley v. Briggs, 475 U.S. 335, 341 (1986) as Judge Crozier, Jr./Defendant has done herein. Specifically, ***"qualified immunity shields governme-***

- 4 -

*nt officials performing discretionary functions from personal-capacity liability for civil damages* **under # 1983, insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."** Ridpath vs. Board Of Governors Marshall University, 447 F.3d 292, 306 (4th Circuit 2006) (citation omitted). In regard, the Court must consider (1) whether the allegations underlying **Plaintiffs' claims, if true,** would constitute violations of federal statutory or constitutional rights and (2) whether those violations were of "clearly established rights", "of which a reasonable person [*such as a judge*] would have known."

This Court does not have original subject matter jurisdiction over Plaintiffs' state law "breach of contract" lawsuit [4] that had to be filed twice in 2018. The original filed date was March 9, 2018 was dismissed by Judge Ross H. Hicks because the case number was not forwarded and Debbie Bryant, Deputy Court Clerk at The Clerk And Master's Office/Defendant advised Irvin/Plaintiff to hand carry his subpoena's of each Defendant and serve them or pay The Sheriff's Office $50.00 approx. for each Defendant to be served which turned out to be illegal and case was dismissed pursuant T.C.A. Rule # 4.01 Thereafter it was refiled October 11, 2018 bring this litigation to the current state of litigation herein.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS that this Court:

1. Allow this "AN COMPLAINT" to be heard;

2. Allow Irvin/Plaintiff to proceed as an Indigent;

3. Allow this "AN COMPLAINT" to set a precedent pursuant cases dismissed with prejudice;

4. Allow no clandestine contracts between local governments and/or any of the legal and/or representatives of the City and/or local governments;

5. Allow the entering of a decree:

    (a) preliminarily and permanently enjoining the Plaintiffs' to the *"civil rights"*

---

4 **IRVIN vs. THE CITY OF CLARKSVILLE, ET AL., case no. MC CH CV CD18-37, filed Oct. 11, 2018 "AN ORIGINAL COMPLAINT", "IN THE CHANCERY COURT FOR THE NINETEENTH JUDICIAL DISTRICT FOR MONTGOMERY COUNTY, TENNESSEE AT CLARKSVILLE", Judge Ted A. Crozier, Jr.**

afforded pursuant to *"adverse possession"* secured pursuant to THE UNITED STATES CONSTITUTION and THE STATE OF TENNESSEE DECLARATION OF RIGHTS;

6. Allow the **"precedent"** sought throughout this litigation;

7. Allow Plaintiff "Compensatory Damages" T.C.A. #29-39-102 of five thousand dollars ($5,000.00) for each year Plaintiff was not allowed **"adverse possession"** under the color of law for 105 Stacker Drive in Clarksville, Tennessee;

8. Allow Plaintiff "Punitive Damages" T.C.A. # 29-39-104 of ten thousand dollars ($10,000.00) for each year Plaintiff was not allowed **"adverse possession"** under the color of law for 105 Stacker Drive in Clarksville, Tennessee;

9. Allow and/or consider the fact that Plaintiff tried to settle this situation before it became a legal matter;

10. Allow the cost of this litigation to be charged to the herein named Defendant's;

11. Allow further, additional and/or alternative relief as may appear to the Court as to be equitable and justifiable.

Respectfully Submitted,

By: /s/ Robert Thomas Irvin
ROBERT THOMAS IRVIN, Indigent
100 ~~Short~~ Stacker Drive
Clarksville, Tennessee 37040-3371
Phone No. (931) 820-4364
Date: February 19, 2019

**EXHIBIT I**



## Montgomery County Government

Montgomery County Court Center
Two Millennium Plaza – Suite 101
Clarksville, Tn. 37040

**Michael W. Dale**
Clerk and Master

Phone (931) 648-5703
Fax (931) 648-5759

February 7, 2019

Robert Thomas Irvin
100 Short Stacker Drive
Clarksville, TN 37040

RE: Irvin v. City of Clarksville et al.
MCCHCVCD18-37

Dear Mr. Irvin:

The "Plaintiffs' Objections to "Order" of W. Timothy Harvey, BPR # 010469" for the signature of Judge Ted A. Crozier, Jr. was reviewed by him and he declined to sign such document. Thus it is being returned to you.

Enclosed please find a bill of cost for unpaid fees owed to this Court. Please contact Jan Hinkle regarding arrangements for payment.

Thank you for your attention to this matter.

Most sincerely,

*(signature)*

Michael W. Dale
Clerk and Master, Montgomery County Chancery Court

Enclosures: "Plaintiffs' Objections"
Bill of Costs

Cc: Lance A. Baker
W. Timothy Harvey
D. Mark Nolan



EXHIBIT 1(a)

## "IN THE CHNACERY COURT FOR THE NINETEENTH JUDICIAL DISTRICT FOR MONTGOMERY COUNTY, TENNESSEE AT CLARKSVILLE"

ROBERT THOMAS IRVIN
100 Short Stacker Drive
Clarksville, Tennessee 37040

    Plaintiff,

vs.

THE CITY OF CLARKSVILLE,
a municipal corporation upon relation of
MONTGOMERY COUNTY, TENNESSEE
CITY MAYOR KIM McMILLAN.
102 Public Square – Fourth Floor
Clarksville, Tennessee 37040, and
COUNTY MAYOR JIM DURRETT
1 Millennium Plaza – Suite 205
Clarksville, Tennessee 37040, and
AUSTIN PEAY VII, Esq. (BPR #16245)
the duly constituted Delinquent Tax Attorney
for said County, 121 South Third Street
Clarksville, Tennessee 37040, and
THE MONTGOMERY COUNTY CHANCERY
COURT CLERK'S OFFICE
ATTN: CLERK AND MASTER
2 Millennium Plaza – Suite 101
Clarksville, Tennessee 37040, and ET AL.,

    Defendant's.

CASE NO. MC CH CV CD-18-37

JUDGE TED A. CROZIER, JR.

"R E Q U E S T   F O R

T R I A L"

---

### "PLAINTIFFS' OBJECTIONS TO "ORDER" OF W. TIMOTHY HARVEY, BPR # 010469"

---

Now comes ROBERT THOMAS IRVIN/Plaintiff and moves this Court with objections pursuant to "ORDER" of Defendant's counsel W. Timothy Harvey that seeks unjust time barred statute of limit-ations pursuant to the actions and facts of law that have been unjustly performed by herein listed De-fendant's that attorney Harvey represents:

1. That Irvin/Plaintiff states hopefully for the last time to this Court -

    a. That on October 30, 2003 Plaintiff purchased 105 Stacker Drive[1 & 2];

    b. That this purchase became almost immediately a *"adverse possession"* when Plaintiff was informed of $4,500 was due pursuant to purchasing 105 Stacker Drive;

    c. That any and all actions performed by Defendant's were and are in violation of The Tennessee Statute Of Limitations because Plaintiff was legally covered by **T.C.A. # 28-2-101**[3] by *the time Defendant's herein made any type of allegation's against herein Plaintiff;*

    d. **"In Tennessee, as in most states "adverse possession" can be proven when the trespasser or squatter has been openly in possession of the property for a specified length of time ...** *Plaintiff purchased 105 Stacker Drive on October 30, 2003 so by October 5, 2011*[4] *was sold illegally by ORDER of Chancellor Laurence McMillan, Jr. for $1,827.46 to Montgomery County, Tennessee is ignoring and illegally* **violating** *T.C.A.* **#28-2-101** *"adverse possession"*[5] **.... continuous for the statutory period (which is either seven (7) or twenty (20) years, in TN depending on the circumstances).** January 19, 2017."

2. That the addition of Chancellor Laurence M. McMillan, Jr. and The State Of Tennessee and Governor Of Tennessee Bill Lee as defendants is a matter paramount and most certainly germane to the facts of this litigation that has no moot and/or pretermitted allegations that magnify or linger in the past but rather has only current violations that do not concur with current laws of Tennessee or The U.S. Constitutions Of Tennessee Or The United States[6].

---

1 *IRVIN vs. THE CITY OF CLARKSVILLE, ET AL.*, *case no. MC CH CV CD-18-37, "AN COMPLAINT", page 4, paragraph 2, item 1 filed October 11, 2018, Judge Ted A. Crozier, Jr.;*

& 2 *Also see paragraph 2, item 2 footnote 6, page 4 of "AN COMPLAINT", Judge Ted A. Crozier, Jr.;*

3 *T.C.A., Title 28, Limitations Of Actions # 28-2-101 in "AN COMPLAINT", page(s) 2, 5 & 9*

4 *IRVIN vs. THE CITY OF CLARKSVILLE, ET AL., case no. MC CH CV CD-18-37, "AN COMPLAINT" filed October 11, 2018, page 7, paragraph 12, Judge Ted A. Crozier, Jr.;*

5 *IRVIN vs. THE CITY OF CLARKSVILLE, ET AL., case no. MC CH CV CD-18-37, "AN COMPLAINT" filed October 11, 2018, Judge Ted A. Crozier, Jr.;*

6 *IRVIN vs. THE CITY OF CLARKSVILLE, ET AL., case no. MC CH CV CD-18-37, "AN COMPLAINT" filed October 11, 2018, page 2, T.C.A. #28-3-109 & #28-3-110 & #28-2-101, Judge Ted A. Crozier, Jr;*

- 2 -

Case 3:19-cv-00157   Document 1   Filed 02/19/19   Page 9 of 12 PageID #: 9

THEREFORE, from the documented laws and facts documented in this litigation and opposed throughout and herein this **PLAINTIFF'S OBJECTIONS TO "ORDER"** supported by Defendant's Counsel seeking that this litigation be ORDERED, ADJUDGED and DECREED dismissing all documented facts of law that have and are being presented by *pro se* Plaintiff be dismissed with prejudice is unjust and not in concert with the law(s) documented throughout this litigation by Plaintiff another minority seeking that ever illusive thing called a just day in Court in the American South should not be laughable but laughter is all that is left in this instance. The plea for a dismissal with prejudice and a final ORDER not to address documented facts is not only unjust but makes Plaintiff want to ask where is The Candid Camera being hidden but there is no Candid Camera in this the new America.

All costs of this litigation should be charged to the herein Defendant's using taxpayers money to pay their counsel for trying to cover up their too obvious defects pursuant to the law.

ENTER this the _____ day of _____, 2019.

_____
JUDGE TED A. CROZIER, JR.

APPROVED FOR ENTRY:

ROBERT THOMAS IRVIN, Indigent

By: /s/ Robert Thomas Irvin
ROBERT THOMAS IRVIN, Indigent
100 Short Stacker Drive
Clarksville, Tennessee 37040-3371
Phone No. (931) 820-4364

## "CERTIFICATE OF SERVICE"

A copy of the foregoing has been carried by hand of ROBERT THOMAS IRVIN due to his poverty to the following listed below:

**LANCE A. BAKER, BPR#15152**
*Attorney For Defendant's*
*THE CITY OF CLARKSVILLE, and*
*CITY MAYOR KIM McMILLAN*
1 Public Square – Fourth Floor
Clarksville, Tennessee 37040, and

**W. TIMOTHY HARVEY, BPR#10469**
*LAW OFFICE OF W. TIMOTHY HARVEY*
*Attorney For Defendant's*
COUNTY MAYOR JIM DURRETT,
AUSTIN PEAY, VII, and
THE MONTGOMERY COUNTY CHANCERY
COURT CLERK OFFICE
310 Franklin Street
Clarksville, Tennessee 37040,
Phone No. (931) 552-0549
FAX (931) 552-0559, and

**D. MARK NOLAN, BPR#15859**
BATSON NOLAN, PLC
Attorney For Defendant's
*THE CITY OF CLARKSVILLE &*
*MAYOR KIM McMILLAN*
121 South Third Street
Clarksvillee, Tennessee 37040
Phone No. (931) 647-1501
FAX (931) 553-0153

on this the 1ˢᵗ day of February, 2019.        */s/ Robert Thomas Irvin*
                                              ROBERT THOMAS IRVIN, Indigent

EXHIBIT 7(b)

.ltgomery County Chancery Court
_lerk & Master
Two Millennium Plaza
Suite 101
Clarksville, TN 37040

RVIN, ROBERT VS. THE CITY OF CLARKSVILLE,

| Billing Questions Please Call (931) 648-5703 |
|---|
| Case Number MC CH CV CD 18 0000037 |
| Amount Due $581.50 |

Statement Date: 02/05/2019

ROBERT T. IRVIN
100 SHORT STACKER DRIVE
CLARKSVILLE, TN 37040

## BILL OF COSTS
## UNPAID COURT COSTS
## & SHERIFF SERVICES

| Amount Due | Due Date |
|---|---|
| $581.50 | CURRENT |

Mail payments to: Montgomery County Chancery Court, Two Millennium Plaza, Clarksville, TN 37040
For questions regarding your account, please call (931) 648-5703.

——————————— Return lower portion with payment ———————————

02/05/2019

ROBERT T. IRVIN
100 SHORT STACKER DRIVE
CLARKSVILLE, TN 37040

Please indicate amount enclosed and any address change below:

Amount Enclosed:     $_____.____

IRVIN, ROBERT VS. THE CITY OF CLARKSVILLE,
Case #: MC CH CV CD 18 0000037

Cash, Cashiers Check or Money Orders Only

New Address:
_____
_____
_____